**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 27, 2011

Lyle W. Cayce
Clerk

No. 11-50242
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ADAN LOPEZ-LARA, also known as Angel Lewis Rodriguez,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:10-CR-2774-1

Before REAVLEY, SMITH and PRADO, Circuit Judges.

PER CURIAM:[*]

Adan Lopez-Lara appeals the sentence imposed following his guilty plea conviction for illegal reentry after removal. He argues that his 46-month sentence was greater than necessary to satisfy the sentencing goals of 18 U.S.C. § 3553(a). Lopez-Lara argues that a presumption of reasonableness should not apply to his within guidelines sentence because it was not based on "empirical data" and it "double counts" his criminal history. He also asserts that a 16-level enhancement was excessive, that a single prior conviction resulted in the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

enhancement and all of his criminal history points, that the sentence failed to account for his motives for returning to the United States, and that the sentence failed to account for his low risk of recidivism based on his age.

Lopez-Lara's empirical data argument is foreclosed by this court's precedent. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009); *see also United States v. Mondragon-Santiago,* 564 F.3d 357, 366-67 (5th Cir. 2009). We have previously rejected the argument that the double counting of a defendant's criminal history necessarily renders a sentence unreasonable. *See Duarte*, 569 F.3d at 529-31; *see also* U.S.S.G. § 2L1.2, comment. (n.6). Lopez-Lara's remaining arguments, which amount to a disagreement with the district court's weighing of the 18 U.S.C. § 3553(a) factors and the appropriateness of his within-guidelines sentence, do not suffice to show error in connection with his sentence. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).

Lopez-Lara has not shown that his sentence was unreasonable, and he has not rebutted the presumption of reasonableness that attaches to his within-guidelines sentence. *See United States v. Alonzo*, 435 F.3d 551, 554-55 (5th Cir. 2006). Lopez-Lara has not shown that the district court abused its discretion under *Gall v. United States*, 552 U.S. 38, 49-50 (2007), and thus he has shown no error, plain or otherwise. Accordingly, the judgment of the district court is AFFIRMED.